UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Securities and Exchange Commission, | No. C 08-4238 CRB (JL) |
| Plaintiff, | |
| v. | **ORDER TO PRODUCE DOCUMENTS AND COMPLETE DEPOSITION** |
| RAJ P. SABHLOK and MICHAEL C. PATTISON, | **(Granting Docket # 140, 141)** |
| Defendants. | |

### I. Introduction

The Court received Defendant Michael C. Pattison's ex parte application for an order shortening time on his motion to compel production of documents and further deposition of Plaintiff Securities and Exchange Commission's ("SEC's") rebuttal expert, Howard Mulcahey. The Court granted the motion to shorten time, Plaintiff responded, and the matter came on for hearing. Susan LaMarca appeared for Plaintiff SEC, Patrick J. Richard, NOSSAMAN LLP, appeared for Defendant Pattison. The Court carefully considered the moving and opposing papers and the arguments of counsel and hereby grants the motion:

1. The Court hereby compels the completion of the deposition of the expert witness of the Securities and Exchange Commission ("SEC"), Howard Mulcahey, by no later than January 20,2010 in San Francisco, California;

2. The SEC and its expert is hereby ordered to produce the records requested in the deposition notice (including the expert's engagement letter, billings, or correspondence with the SEC); and

3. The SEC is required to pay all of the expenses of such continued deposition, including any expert costs, court reporter and videographer fees.

## II. Procedural Background

All discovery in this case has been referred by the district court (Hon. Charles R. Breyer) pursuant to 28 U.S.C. §636(b). Jury trial is scheduled for January 25, 2010.

## III. Argument

Pattison noticed the deposition of the SEC's rebuttal expert, Howard Mulcahey, for January 8, 2010. With the notice, Pattison also requested production of documents, including the engagement letter for Mulcahey's services, his billings, and his correspondence with the SEC, including emails. (Decl of Pltf. Counsel Patrick Richard at ¶7, Ex. A.) Pattison had served the document request along with the notice of deposition on December 21, 2009. On December 24, 2009, SEC counsel Robert Tashjian informed Richard that the SEC objected to the document request on the ground that it was "unduly burdensome and seeks to impose obligations on the Commission beyond the scope of the Federal Rules of Civil Procedure." Richard Decl. ¶8, Ex. B. He also objected on the ground that the return date, two days after service, was unreasonable and burdensome. *Id.*

Pattison's counsel responded by agreeing to give the SEC until January 6, 2010, to produce the requested documents. Richard Decl. ¶9, Ex. C. At the deposition, the witness testified that no one told him until 6 p.m. the night before about the document request. The witness also testified that the SEC had the documents in question and in his opinion their production would not be burdensome. Richard Decl. ¶10, Ex. D.

Pattison's counsel emailed SEC counsel on January 9 to meet and confer regarding the SEC's not producing documents at the deposition. Richard Decl. ¶11, Ex. E. SEC counsel Susan La Marca responded via email that as long as Pattison continued to withhold documents regarding his experts from the SEC, the SEC would continue to refuse

to produce the documents related to Howard Mulcahey. *Id.* at Ex. F: "we will not make a unilateral production while you continue to withhold this information from us. If you would like to do such a prisoner swap, then I'm sure the parties can agree to the parameters."

In responding to this motion, the SEC contends that there was no attempt by defense counsel to meet and confer, a contention plainly belied by the email evidence. The SEC also seems to believe that its "offer to [resolve] the issue by mutual exchange of documents between the parties" somehow relieves it of its obligation to comply with discovery rules, even after defense counsel accommodated the SEC's claimed need for more time. The SEC also argues that the documents need not be produced because they are not among the materials considered by the witness in forming his opinions.

### IV. Conclusion and Order

The SEC did not raise any objections prior to the deposition, other than burden, which was obviated by the extension of time granted by Pattison. Pattison also argues persuasively that Mulcahey's retainer and fee agreement are relevant to bias. The amount an expert witness is being paid for his services is discoverable and must be disclosed, for precisely this reason. *Cary Oil, Inc. V. MG Refining & Marketing, Inc.*, 257 F.Supp.2d 751 (S.D.N.Y. 2003)(holding that FRCP Rule 26 permitted discovery of expert witness compensation for impeachment but denying it in case with multiple experts where discovery was being used for harassment) *Id.* at 757. The Court in this case finds no such intention by Pattison. The document request is narrow, specific to this case, not attempting to discover the witness's compensation for previous cases or any other improper purpose.

The deposition itself demonstrates Pattison's need for the documents. Without the documents to refresh his recollection, Mulcahey had virtually no recollection of the details of his contract with the SEC through the SEC's contractor, Forensic Economics. Specifically, he could not remember when the SEC first contacted him. (Richard Decl. at Ex. D, transcript of deposition testimony at 11:22-23); he wasn't sure how many emails he had exchanged with the SEC (*Id.* at 24:21); nor could he say how much time he had spent preparing his report for the SEC (*Id.* at 26:23-25); nor could he recall when he last spoke to

1 someone from the SEC regarding his engagement letter  (*Id.* at 28:11-18.) In fact he
2 admitted that he couldn't recall because "I don't have the document with me to check." (*Id.*
3 at 28:16-18)

4     If Mr. Mulcahey had brought with him to his deposition the documents that Pattison
5 requested, then Pattison could have obtained answers to his questions regarding the terms
6 of the contract between Mulcahey and the SEC. Without them, it was impossible for
7 Pattison to obtain a complete deposition of this witness, who was specifically engaged to
8 rebut Pattison's expert, Dr. Lehn. Being deprived of this deposition testimony prejudices
9 Pattison and should not be allowed.

10     Accordingly, Pattison's motion is granted in its entirety, as described in detail above.
11     IT IS SO ORDERED.

DATED: January 13,  2010

_____
JAMES LARSON
United States Magistrate Judge

G:\JLALL\CASES\CIV-REF\08-4238\Order Grant 141.wpd