```
MARC J. FAGEL (Bar No. 154425)
SUSAN F. LaMARCA (Bar No. 215231)
  lamarcas@sec.gov
ROBERT L. TASHJIAN ((Cal. Bar No. 191007)
  tashjianr@sec.gov
WILLIAM T. SALZMANN (Cal. Bar No. 205808)
  salzmannw@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile:  (415) 705-2501
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>RAJ P. SABHLOK and MICHAEL C. PATTISON,<br><br>Defendants. | Civil Action No. C-08-4238 CRB<br><br>[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT RAJ P. SABHLOK |

Plaintiff United States Securities and Exchange Commission ("Commission") having filed its complaint in this action, and Defendant Raj P. Sabhlok having entered an appearance in this case, and having submitted the Consent of Raj P. Sabhlok to Final Judgment ("Consent"), in which he has admitted the jurisdiction of this Court over him and over the subject matter of this action; consented to the entry of this Final Judgment without admitting or denying any of the allegations in the complaint except as to jurisdiction; waived findings of fact and conclusions of law; and waived any right to a trial or to an appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant Sabhlok and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), by:

(1) employing any device, scheme, or artifice to defraud;

(2) obtaining money or property by means of untrue statements of material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(3) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in the offer or sale of any securities by the use of any means or instrumentality of interstate commerce, or of the mails.

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Sabhlok and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, by:

(1) employing any device, scheme, or artifice to defraud;

(2) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of the securities of any issuer, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

## III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Sabhlok and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5), by knowingly circumventing or failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act, 15 U.S.C. § 78m(b)(2).

## IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Sabhlok and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Rule 13b2-1 under the Exchange Act, 17 C.F.R. § 240.13b2-1, by falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A).

## V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Sabhlok and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from, directly or indirectly, violating Rule 13b2-2 of the Exchange Act, 17 C.F.R. §240.13b2-2, by making or causing to be made a materially false or misleading statement, or by omitting to state or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with (A) any audit or

examination of the financial statements of an issuer required to be made pursuant to the federal securities laws or (B) the preparation or filing of any document or report required to be filed with the Commission pursuant to the federal securities laws or otherwise.

## VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Sabhlok and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1, 13a-11, and 13a-13, 17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 & 240.13a-13, by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*, in failing to file with the Commission such accurate and complete information, reports, and documents as are required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and the Commission's Rules, including annual reports on Form 10-K, quarterly reports on Form 10-Q and current reports on Form 8-K.

## VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Sabhlok and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Rule 13a-14 of the Exchange Act, 17 C.F.R. § 240.13a-14, as a principal executive or principal financial officer of an issuer, or as a person performing similar functions, falsely certifying any report filed under 15 U.S.C. § 78m(a) (other than a report filed by an Asset-Backed Issuer defined in 17 C.F.R. § 229.1101, or a report on Form 20-F under 17 C.F.R. § 240.13a-19), including reports filed on Forms 10-Q, Forms 10-QSB, Forms 10-K, or Forms 10-KSB.

### VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Sabhlok and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), by knowingly providing substantial assistance to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*, in failing to make or keep books, records or accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

### IX.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Sabhlok and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(B), by knowingly providing substantial assistance to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*, in failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurance that transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or other applicable criteria, and to maintain accountability for assets.

### X.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Sabhlok and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from aiding and abetting any violation of Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and Rule 14a-9, 17 C.F.R. § 240.14a-9, by

knowingly providing substantial assistance to an issuer's solicitations by means of a proxy statement, form of proxy, notice of meeting, or other communication, written or oral, containing a statement which, at the time and in the light of the circumstances under which it was made, was false or misleading with respect to any material fact, or which omitted to state any material fact necessary in order to make the statements therein (or in an earlier communication of a proxy for the same meeting or subject matter) not false or misleading.

## XI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Sabhlok and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Section 16(a) of the Exchange Act, 15 U.S.C. § 78p(a), and/or Rule 16a-3 thereunder, 17 C.F.R. § 240.16a-3, by failing to file, within the time period required, a statement setting for the amount (or any changes in the amount) of all equity securities of such issuer of which he is a director, an officer, or the beneficial owner of more than 10 percent of any class of equity security that is not exempt, which is registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*.

## XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Sabhlok shall pay a civil penalty in the amount of $200,000 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act, 15 U.S.C. §§ 77t(d) & 78u(d)(3), within 360 days after entry of this Final Judgment. The payment shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission and shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Raj P. Sabhlok as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent

amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid as a civil penalty pursuant to this paragraph to the United States Treasury.

XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Sabhlok shall pay, under Section 304(a) of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7243(a), $300,000 as follows: within twenty (20) business days after entry of this Final Judgment, defendant Sabhlok shall pay $50,000; within 360 days after entry of this Final Judgment, defendant Sabhlok shall pay $250,000. These payments shall be made by certified check, bank cashier's check, or United States postal money order payable to Embarcadero Technologies, Inc., and shall be delivered or mailed to Embarcadero Technologies, Inc., c/o James F. Basile, Esq., Kirkland & Ellis LLP, 555 California Street, 27th Floor, San Francisco, California 94104, and shall be accompanied by a letter (with a copy of the letter and check, or money order, to the Commission's counsel in this action: Susan F. LaMarca, Securities and Exchange Commission, 44 Montgomery Street, Suite 2600, San Francisco, CA, 94104) identifying Raj P. Sabhlok as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

XIV.

Amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. Defendant Sabhlok shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Sabhlok's payment in this action pursuant to Section 304(a) of the Sarbanes-Oxley Act, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Sabhlok's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Sabhlok shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States

1  Treasury.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to
2  change the amount of the civil penalty imposed in this Final Judgment.

XV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Sabhlok shall comply with all of the undertakings and agreements set forth therein.

XVI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XVII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment as to Defendant Raj P. Sabhlok forthwith and without further notice.

Dated: April 21, 2010

_____
Charles R. Breyer
UNITED STATES DISTRICT JUDGE

*IT IS SO ORDERED*
*Judge Charles R. Breyer*

```
 1  Approved as to form:
 2
 3  [signature]
    Ronda J. McKaig, Esq.
 4  SKADDEN ARPS SLATE MEAGHER & FLOM LLP
    300 South Grand Avenue
 5  Los Angeles, California 90071-3144
    Attorney for Defendant Raj P. Sabhlok
 6

 7

 8

 9  Submitted by:
10  [signature]
11
    Susan F. LaMarca, Esq.
12  SECURITIES AND EXCHANGE COMMISSION
    44 Montgomery Street
13  Suite 2600
    San Francisco, California 94104
14  Attorney for Plaintiff
```