MARC J. FAGEL (Cal. Bar No. 154425)
SUSAN F. LAMARCA (Cal Bar No. 215231)
   lamarcas@sec.gov
ROBERT L. TASHJIAN (Cal Bar No. 191007)
   tashjianr@sec.gov
WILLIAM T. SALZMANN (Cal. Bar No. 205808)
   salzmannw@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California  94104
Telephone:  (415) 705-2500

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br>  vs.<br><br>RAJ P. SABHLOK and MICHAEL C. PATTISON,<br><br>    Defendants. | Case No. C-08-4238 EMC<br><br>STIPULATION BETWEEN SECURITIES AND EXCHANGE COMMISSION AND MICHAEL PATTISON CONCERNING CERTAIN TRIAL EXHIBITS  ; ORDER<br><br>Trial Date:   Sept. 7, 2010<br><br>Before the Honorable Edward M. Chen |

1    Plaintiff Securities and Exchange Commission and defendant Michael C. Pattison, by and

2  through their undersigned counsel, hereby stipulate and agree to the following:

3  **A.    E-mail messages and attachments**

4    The parties stipulate that exhibits reflecting printouts of e-mail messages bates labeled with

5  the prefixes EMBT, EMBPALL, ETET, ETHE, ETRADE, ETSC, ETTCB, and GP are authentic e-

6  mail messages and require no further proof to establish their authenticity pursuant to Rule 901 of the

7  Federal Rules of Evidence.  The parties agree that these exhibits are e-mail messages sent by the

8  person on the "FROM" line and to the recipients on the "TO," "CC," and "BCC" lines.  The parties

9  further agree that the messages were sent on the dates and at the times reflected in the printout.  The

10  parties also agree that the documents following e-mail messages in these exhibits are printouts of

11  attachments to the e-mail messages.

12    This stipulation does not apply to e-mail messages bates labeled with the prefix "RS-SEC".

13  The parties agree, however, that the "RS-SEC" e-mail messages marked as Exhibit Nos. 139, 169,

14  and 185 are authentic because the parties located duplicate e-mail messages bates labeled EMBT.

15    The parties further agree that e-mail messages marked as Exhibit Nos. 33 and 804 are

16  authentic draft e-mail messages authored by the individuals identified on the "FROM" line and

17  written on the dates identified on the exhibits.  It is unknown from the face of the exhibits whether

18  the messages were sent, as no one is identified as a recipient on the "TO" lines.

19  **B.    Stock Option Grants**

20    The parties stipulate that signed exhibits captioned "Embarcadero Technologies, Inc. Stock

21  Option Grant" and bates labeled with the prefix ETSC are authentic stock option agreements and

22  require no further proof to establish their authenticity pursuant to Rule 901 of the Federal Rules of

23  Evidence.

24  **C.    Certain Quarterly Grant Lists**

25    The parties stipulate that the following exhibits bates labeled with the prefix ETSC are

26  authentic and require no further proof to establish their authenticity pursuant to Rule 901 of the

27  Federal Rules of Evidence:  Exhs. 21; 354; 356; 470; 478; 481; 483; 494; 519; 520; 521; 549; 556;

28  563; 576; 595; 605.

**D.      Memoranda**

The parties stipulate that the following exhibits reflecting memoranda bates labeled with the prefixes EMBT and ETET are authentic memoranda and require no further proof to establish their authenticity pursuant to Rule 901 of the Federal Rules of Evidence:  Exhs. 5; 539; 546.

The parties agree that the memoranda were written by the authors reflected in the exhibits. The parties also agree that the memoranda were written on the dates reflected in the exhibits.  The parties further agree that the first memorandum in Exh. 546 dated March 14, 2003, refers to the two attached memoranda dated July 1, 2002, included in the exhibit.

**E.      Printouts of Equity Edge Reports**

The parties stipulate that the following exhibits bates labeled with the prefixes ETSC and EMBT are authentic printouts of Equity Edge stock option reports from Embarcadero Technologies, Inc. and require no further proof to establish their authenticity pursuant to Rule 901 of the Federal Rules of Evidence:  Exhs. 651; 655; 656; 657; 658.

**F.      Management Representation Letters**

The parties stipulate that the following exhibits bates labeled with the prefixes PwC-EMBT-SEC and EMBT are authentic management representation letters signed by Stephen Wong, Raj Sabhlok, and Michael Pattison and require no further proof to establish their authenticity pursuant to Rule 901 of the Federal Rules of Evidence:  Exhs. 37; 487; 498; 516; 525; 547; 551; 560; 561; 570; 592; 598; 601; 602; 616; 624; 626.

**G.      Filings made by Embarcadero Technologies, Inc.**

The parties stipulate that the exhibits, listed below, reflecting Forms 10-K (annual reports), Forms 10-Q (quarterly reports), Schedules 14A (proxy statements), and Forms 8-K (periodic reports) are authentic filings made by Embarcadero Technologies, Inc. with the Securities and Exchange Commission and require no further proof to establish their authenticity pursuant to Rule 901 of the Federal Rules of Evidence.

The parties further agree that these exhibits were filed with the Securities and Exchange Commission on the dates reflected in the following chart:

| Exh. | Description | Filing Date |
|------|-------------|-------------|
| 2 | Form 10-K (fiscal year ended Dec. 31, 2003) | Mar. 12, 2004 |
| 314 | Form 10-K (fiscal year ended Dec. 31, 2004) | Apr. 7, 2005 |
| 315 | Schedule 14A (Preliminary Proxy Statement) | Oct. 6, 2006 |
| 316 | Form 8-K (dated Nov. 10, 2006) | Nov. 13, 2006 |
| 318 | Form 8-K (dated Nov. 15, 2006) | Nov. 17, 2006 |
| 319 | Form 8-K (dated Nov. 30, 2006) | Nov. 30, 2006 |
| 320 | Form 8-K (dated Dec. 16, 2006) | Dec. 18, 2006 |
| 321 | Form 10-K (fiscal year ended Dec. 31, 2006) | May 24, 2007 |
| 358 | Form 8-K (dated Sept. 6, 2006) | Sept. 8, 2006 |
| 401 | Form 10-K (fiscal year ended Dec. 31, 2000) | Mar. 20, 2001 |
| 402 | Form 10-Q (quarter ended Mar. 31, 2001) | May 11, 2001 |
| 403 | Form 10-Q (quarter ended June 30, 2001) | Aug. 6, 2001 |
| 404 | Form 10-Q (quarter ended Sept. 30, 2001) | Nov. 9, 2001 |
| 405 | Form 10-K (fiscal year ended Dec. 31, 2001) | Mar. 26, 2002 |
| 406 | Schedule 14A (Proxy Statement for June 5, 2002, stockholders meeting) | Apr. 26, 2002 |
| 407 | Form 10-Q (quarter ended Mar. 31, 2002) | May 14, 2002 |
| 408 | Form 10-Q (quarter ended June 30, 2002) | Aug. 13, 2002 |
| 409 | Form 10-K (fiscal year ended Dec. 31, 2002) | Mar. 26, 2003 |
| 410 | Form 8-K (dated Apr. 22, 2003) | Apr. 22, 2003 |
| 411 | Schedule 14A (Proxy Statement for June 4, 2003, stockholders meeting) | Apr. 23, 2003 |
| 412 | Form 10-Q (quarter ended Mar. 31, 2003) | May 12, 2003 |
| 413 | Form 8-K (dated Jul. 24, 2003) | Jul. 24, 2003 |
| 414 | Form 10-Q (quarter ended June 30, 2003) | Aug. 11, 2003 |
| 415 | Form 8-K (dated ) | Oct. 16, 2003 |
| 416 | Form 10-Q (quarter ended Sept. 30, 2003) | Nov. 10, 2003 |
| 417 | Form 8-K (dated Jan. 27, 2004) | Jan. 27, 2004 |
| 418 | Form 10-K (fiscal year ended Dec. 31, 2003) | Mar. 12, 2004 |
| 419 | Form 8-K (dated Apr. 20, 2004) | Apr. 20, 2004 |

| Exh. | Description | Filing Date |
|------|-------------|-------------|
| 420 | Schedule 14A (Proxy Statement for June 15, 2004, stockholders meeting) | Apr. 29, 2004 |
| 421 | Form 10-Q (quarter ended Mar. 31, 2004) | May 10, 2004 |
| 422 | Form 8-K (dated July 20, 2004) | Jul. 20, 2004 |
| 423 | Form 10-Q (quarter ended June 30, 2004) | Aug. 9, 2004 |
| 424 | Form 8-K (dated Oct. 27, 2004) | Oct. 27, 2004 |
| 425 | Form 10-Q/A (quarter ended Mar. 31, 2004) | Jan. 18, 2005 |
| 426 | Form 10-Q/A (quarter ended June 30, 2004) | Jan. 18, 2005 |
| 427 | Form 10-Q (quarter ended Sept. 30, 2004) | Jan. 18, 2005 |
| 428 | Form 8-K (quarter ended Sept. 30, 2004) | Jan. 18, 2005 |
| 429 | Form 8-K (dated Mar. 1, 2005) | Mar. 7, 2005 |
| 430 | Form 10-K (fiscal year ended Dec. 31, 2004) | Apr. 7, 2005 |
| 431 | Form 10-K/A (fiscal year ended Dec. 31, 2004) | Apr. 25, 2005 |
| 432 | Schedule 14A (Proxy Statement for July 14, 2005, stockholders meeting) | Apr. 29, 2005 |
| 433 | Schedule 14A (Proxy Statement for Nov. 30, 2006, stockholders meeting) | Oct. 24, 2006 |
| 434 | Form 8-K (dated Nov. 10, 2006) | Nov. 13, 2006 |
| 435 | Form 8-K (dated Nov. 15, 2006) | Nov. 17, 2006 |
| 436 | Form 8-K (dated Nov. 30, 2006) | Nov. 30, 2006 |
| 437 | Form 8-K (dated Dec. 16, 2006) | Dec. 18, 2006 |
| 438 | Form 8-K (dated Apr. 5, 2007) | Apr. 6, 2007 |
| 439 | Schedule 14A (Proxy Statement for June 22, 2007, stockholders meeting) | May 24, 2007 |
| 440 | Form 10-K (fiscal year ended Dec. 31, 2006) | May 24, 2007 |
| 441 | Form 10-Q (quarter ended Sept. 30, 2002) | Nov. 8, 2002 |

//

//

//

1        By entering into this stipulation, the parties agree to the authenticity of the exhibits identified

2   above and waive any objection as to the authentication of the exhibits under Rules 901 and 902 of the

3   Federal Rules of Evidence.  The parties reserve their rights to object to the admission of the exhibits

4   identified above on any other appropriate ground.

5   IT IS SO STIPULATED.

6   Dated:  August 6, 2010                    Respectfully submitted,

7

8                                             */s/ Robert L. Tashjian*

9                                             Susan F. LaMarca
                                              Robert L. Tashjian
10                                            William T. Salzmann

                                              Attorneys for Plaintiff
11                                            SECURITIES AND EXCHANGE COMMISSION

12                                            */s/ James H. Vorhis*

13                                            Patrick J. Richard
                                              James H. Vorhis
14                                            Brendan F. Macaulay

15                                            NOSSAMAN LLP

                                              Attorney for Defendant
16                                            MICHAEL C. PATTISON

17

18  IT IS SO ORDERED

19

20
    _____
21  Edward M. Chen
    U.S. Magistrate
22  Judge

23

24

25

26

27

28